## PEOPLES BANKING CO v RUMMELL

Ohio Appeals, 3rd Dist, Hancock Co

No 396. Decided January 9, 1939

Betts & Betts, Findlay; A. G. and R. E. Fuller, Findlay, for plaintiff-appellee.

Roy H. Lambert for defendant-appellant.

BY THE COURT:

This is an appeal on questions of law from a judgment of the common pleas court of Hancock county, affirming a judgment from the docket of J. M. Barger, a justice of the peace in and for Pleasant township, Hancock county, Ohio, in an action in forcible entry and detention pending before said justice of the peace in which The Peoples Banking Company was plaintiff and Earl D. Rummell was defendant.

There is in the files of this case a paper writing which purports to be a transcript of testimony of the trial of said action before the justice of the peace. To this transcript is attached a certificate in the following form: "Certificate. I hereby certify that the foregoing transcript of testimony is a full, true and correct transcript of the testimony given by the witnesses in the within cause and the testimony was given in the order as given in the transcript. Margaret Wilson, Reporter."

There is no other paper in the files, containing or purporting to contain the the evidence on the trial before the justice of the peace, or purporting to be a bill of exceptions of the proceedings had before said justice of the peace, and there is no agreed statement of facts appearing in such file.

The transcript of testimony certified to by Margaret Wilson, reporter, is apparently an attempted compliance with the provision of §11571 GC, that in cases tried in courts of record that the certificate of the official court reporter attached to the transcript of testimony shall be ufficient verification of the bill of exceptions and the signature of the trial judge shall not be necessary unless within ten days after notice to the adverse party of the filing of such bill of exceptions that said adverse party file objection or amendment to such bill, in which case the said bill should be submitted to the court for settlement as hereinbefore provided.

The provision mentioned, however, has no application to bills of exceptions from a justice's court, as such court is not a court of record and has no official court reporter.

Bills of exceptions in all cases before a justice of the peace are governed by the provisions of §10359 to 10363, both inclusive, of the **General Code,** which, among other things, provide that the party excepting must reduce his exceptions to writing and present it to the trial judge and if such bill of exceptions be not correct the trial judge shall make the necessary corrections therein within three days after it is presented, and when correct must sign and file it with the papers in the case, note such signing and filing on his docket, and transmit the bill with the transcript of his docket and original papers, within ten days of the date of such signing, to the clerk of the common pleas court, who must file and enter it upon his trial docket as in other cases.

For the reasons mentioned, the purported transcript of testimony before the justice of the peace does not constitute a bill of exceptions and there is no bill of exceptions of the proceedings had before said justice.

The errors assigned by the defendant-appellant in his petition in error from the justice's court to the common pleas court, and in his assignments of error in the common pleas court are of such character that they are demonstrable only through resort to a bill of exceptions, and there being no such bill of exceptions, such claimed errors do not affirmatively appear, and no error affirmatively appearing it is the duty of this court to affirm the judgment of the common pleas court at the

costs of defendant-appellant, which is accordingly done.

GUERNSEY, PJ, CROW & KLINGER, JJ., concur.