## CRYER v CONARD

Ohio Appeals, 3rd Dist, Paulding Co.

No. 86. Decided March 4, 1940.

Edwin S. Diehl, Defiance, for defendant-appellant.

W. D. Rekeweg, Paulding, for plaintiff-appellee.

### OPINION

By GUERNSEY, J.

The appeal in the instant case is from a judgment of the Court of Common Pleas dismissing an appeal on questions of law and fact and an appeal on questions of law from a judgment of a justice of the peace court in an action pending therein wherein the appellee Harry M. Cryer was plaintiff and the appellant Joseph R. Conard was defendant.

Judgment was entered in favor of the plaintiff in the action in the jus-

tice court on August 3, 1938, in the sum of $245 and costs amounting to $19.65, and notice of appeal was filed in said court on August 9, 1938, within ten days from the entry of the judgment in conformity with the provisions of §12223-7 GC.

At the time the notice of appeal was filed the defendant filed his assignments of error and written order with the justice directing him to prepare and file with the Common Pleas Court a transcript of the docket and journal entries together with the original papers in the case. The transcript was filed in the Common Pleas Court on September 15, 1938, and incorporated the notice of appeal, assignments of error, and other papers in the case.

Bond for appeal in the sum of three hundred dollars was filed in the justice court on August 13, 1938.

A paper writing which purported to be a bill of exceptions was filed in the justice court on August 13, 1938, and in the Court of Common Pleas on September 15, 1938. This bill was not signed by the justice of the peace but was signed by one Stella L. Thorne, and typewritten under her signature were the words "court stenographer".

The notice of appeal stated that the appeal is on questions of law and fact, but in view of the provisions of §12223-5 GC, that the failure to designate the type of appeal shall not be jurisdictional, and the compliance and attempted compliance by the appellant with other provisions of the law, for the purpose of making the appeal an appeal on questions of law and fact and an appeal on questions of law, and its treatment as such by the parties and the Common Pleas Court, the notice constituted both a notice of an appeal on questions of law and fact and an appeal on questions of law.

Under the provisions of §12223-4 GC, the appeal was perfected upon the filing of the notice, and being so perfected, no step required to be taken subsequent to the filing of the notice of appeal is deemed to be jurisdictional.

Under the provisions of §12223-3 GC, appeals on questions of law and fact from a justice court to the Common Pleas Court may be taken only in the manner provided in §§10382 to 10398, inclusive, GC.

Under the provisions of the same section, appeals upon questions of law (except in certain specified classes of cases which are covered by other statutory provisions none of which comprehend cases of the character of the instant case) may be taken only in the manner provided in "An Act to Establish a Simplified Method of Appellate Review", 116 O. L., p. 104.

Sec. 10383 GC, which by reason of §12223-3 GC, applies to appeals on questions of law and fact from justice court to the Court of Common Pleas, prescribes that within ten days from the time a justice renders judgment the party appealing therefrom must give bond to the adverse party in a sum not less than fifty dollars in any case nor less than double the amount of the judgment and costs.

The appeal bond given in the justice court in the instant case was less than double the amount of the judgment and costs and, as shown by the record, no action was taken by the appellant, either in the justice court or in the Common Pleas Court, to amend this bond or substitute a bond sufficient in amount in the place thereof. In this situation the Common Pleas Court did not err in dismissing the appeal on questions of law and fact for the reason that the appeal was not perfected in conformity with law.

Whether the Common Pleas Court erred in dismissing the appeal on questions of law will next be considered.

The transcript, the filing of which was necessary in an appeal on questions of law and also in an appeal on questions of fact, was not filed within ten days after the filing of the notice of appeal, but the filing of the transcript being a step required to be taken subsequent to the filing of notice of appeal, was not a jurisdictional step.

Sec. 12223-8 GC, relating to the filing of transcripts, expressly permits the filing of transcripts subsequent to the

exipration of the ten day period prescribed in the first sentence of the action.

The failure to file transcript within ten days after the filing of the notice of appeal therefore did not constitute ground for dismissal of the appeal on questions of law, which, as above mentioned, had been otherwise properly perfected, and the court erred in dismissing the appeal on questions of law.

The purported bill of exceptions certified to by Stella L. Thorne, court stenographer, is apparently an attempted compliance with the provisions of §11571 GC, prescribing that in cases tried in courts of record the certificate of the official court reporter attached to the transcript of testimony shall be sufficient verification of the bill of exceptions and the signature of the trial judge shall not be necessary unless within ten days after notice to the adverse party, of the filing of such bill of exceptions, that said adverse party file objection or amendment to such bill, in which case said bill should be submitted to the court for settlement as hereinbefore in the appellate procedure act provided.

The provision mentioned, however, has no application to bills of exceptions from a justice court as such court is not a court of record and has no official court reporter. The bills of exceptions before a justice of the peace are governed by the provisions of Secs. 10359 to 10363, GC, both inclusive. Peoples Banking Company, plaintiff-appellee v Earl D. Rummell, defendant-appellant, Court of Appeals of the Third Appellate District, Hancock County, Ohio, decided January 9th, 1939. (29 Abs 91).

The purported bill of exceptions need therefore be not considered.

However, there is at least one assignment of error demonstrable from the transcript of the docket of the justice of the peace, and the original papers in the case, and that is, error of the justice in entering judgment prior to August 15, 1938, to which date the cause, on motion of the defendant, consented to by the plaintiff, had been continued for the further presentation of evidence, argument and submission of briefs, and this error and such other assigned errors as are demonstrable from the record without resort to the purported bill of exceptions, are matters for the consideration of the Common Pleas Court on the appeal on questions of law.

For the reasons mentioned, the judgment of the Common Pleas Court insofar as it constitutes a dismissal of the appeal on questions of law and fact, will be affirmed, and insofar as it constitutes a dismissal of the appeal on questions of law, will be reversed, and the cause remanded for further proceedings according to law, at costs of appellee.

CROW, PJ. and KLINGER, J., concur.