NOEL ET AL., APPELLANTS, *v.* FETTER, APPELLEE.

420

(No. 966—Decided December 1, 1943.)

*Messrs. Donithen & Michel,* for appellants.
*Mr. Carter M. Patton,* for appellee.

GUERNSEY, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Marion County, Ohio, dismissing an appeal upon questions of law from a judgment of Lawrence G. Fields, justice of the peace in and for Montgomery township, Marion county, Ohio, in an action before the justice, in which the appellants, M. V. Noel and Mabel Noel, were plaintiffs and the appellee, John Fetter, was defendant.

The action is one in forcible entry and detention.

Leave to the plaintiffs, M. V. Noel and Mabel Noel, to appeal to the Court of Common Pleas from the judgment rendered against them in the justice court was duly granted by the Common Pleas Court upon the application of the plaintiffs. The appeal from the justice court to the Common Pleas Court was dismissed by the Common Pleas Court solely upon the ground that the bill of exceptions was not signed and approved by Lawrence G. Fields, justice of the peace of Montgomery township, Marion county, Ohio.

Both the transcript of the proceedings had before Lawrence G. Fields, justice of the peace, Montgomery township, Marion county, Ohio, in such cause, and the bill of exceptions therein, are signed by "Frank C. Wilson, justice peace Bowling Green twp., (acting in absence of J. P. in Montgomery twp.)"

Upon the hearing of the motion to dismiss in the

Common Pleas Court, the parties duly executed and filed therein a stipulation of facts which they agreed might be considered as an agreed statement of facts on the question of the dismissal of the appeal by the Common Pleas Court and as a part of the bill of exceptions in the Court of Appeals. This stipulation, omitting the caption and signatures, is in the words and figures following, to wit:

"It is agreed by and between counsel for the appellants and counsel for the appellee as follows:

"That the foregoing cause of action was filed and tried to Lawrence Fields, justice of peace in and for Montgomery township, Marion county, Ohio, and involved a question of forcible detention of real estate. That at the aforesaid trial, Robert Hedges, official court stenographer, took the testimony and reduced it to writing, and the bill of exceptions was filed in the Common Pleas Court of Marion county, Ohio, in the appeal of the foregoing case. That Lawrence Fields, the aforesaid justice of peace, presided at the trial and rendered the decision, and before the transcript was made up by the official court stenographer, Lawrence Fields resigned as justice of peace of Montgomery township, Marion county, Ohio, and took employment with the United States Government at Pearl Harbor, Hawaii; and that at the time the transcript was made up and filed in the Common Pleas Court, the said Lawrence Fields, justice of peace, was not in the United States; that at said time no justice of peace had been appointed or qualified for Montgomery township, Marion county, Ohio. Said bill of exceptions was not approved or signed by Lawrence Fields, justice of peace aforesaid, for the reason that he was not in the United States.

"That Frank C. Wilson, justice of peace of Bowling Green township, an adjoining township to Montgomery township, signed the bill of exceptions.

"It is agreed that the foregoing facts may be considered as an agreed statement of facts on the question of the dismissal of the appeal by the Common Pleas Court, and it is further agreed that said facts may be made and considered a part of the bill of exceptions in the Court of Appeals of Marion county, Ohio."

There is no statutory provision authorizing the verification of a bill of exceptions of the proceedings of a justice court, by anyone other than the justice of the peace having jurisdiction of such cause. *Peoples Banking Co.* v. *Rummell,* 66 Ohio App., 44, 29 Ohio Law Abs., 91; *Cryer* v. *Conard,* 64 Ohio App., 351.

Consequently, the question to be determined upon this appeal is whether the justice of the peace who signed and approved the bill of exceptions, had jurisdiction of the cause.

Whatever jurisdiction the justice of the peace who approved and signed the bill of exceptions had in the cause is derived from the provisions of the following sections of the General Code of Ohio:

"Sec. 1727. Upon the expiration of his term of office, each justice shall deposit with his successor his official dockets, and those of his predecessors which are in his custody, with all the files and papers, laws and statutes, pertaining to his office, there to be kept as public records and property. If no successor is elected and qualified, or if the office becomes vacant by death, removal from the township, or otherwise, before his successor is elected and qualified, the dockets and papers must be deposited with the nearest justice in the township, and, if there be none, then the nearest in the county, there to be kept until a successor is chosen and qualified, then to be delivered to such successor, on request."

"Sec. 1729. The justice with whom the dockets of

another are deposited, either during a vacancy, or as the successor, while having such dockets legally in his possession, may issue executions on any judgment there entered, and unsatisfied, and not docketed in the Court of Common Pleas, take bail in appeal, or for stay of execution, issue certified transcripts of judgments on such dockets, and proceed in all cases in like manner, as if originally had, or instituted before him.''

As shown by the bill of exceptions, the justice of the peace approving the same purported to approve and sign the same in his official capacity, so if any state of facts might exist in law, upon which his official action in approving and signing the same would be valid, such state of facts, in the absence of evidence to the contrary, is presumed to exist.

It appears from the record in the case that Lawrence G. Fields who tried the case was the only justice of the peace in the township in which the cause was tried; that he rendered a decision in the cause, and before a transcript was made up, resigned as justice of the peace of the township and took employment with the United States Government at Pearl Harbor, Hawaii; that at the time the transcript was made up and filed in the Common Pleas Court Lawrence Fields was not in the United States, and that at that time no justice of the peace had been appointed or qualified for Montgomery township, Marion county, Ohio.

The stipulation further shows that Frank C. Wilson, who approved and signed the bill of exceptions in his official capacity, was the justice of the peace of Bowling Green township, a township adjoining Montgomery township in Marion county.

While neither the record nor stipulation shows that Frank C. Wilson was the nearest justice of the peace in the county, to Montgomery township, neither the record nor stipulation shows that he was not, and pur-

suant to the presumption of regularity of the official acts above referred to, it is presumed that such fact existed; and from the same state of the record with reference to the subject matter it is presumed that upon the resignation of Lawrence G. Fields, justice of the peace in and for Montgomery township, the dockets and papers of Lawrence G. Fields as such justice of the peace were deposited with him.

Under the provisions of the sections of the General Code above mentioned, the aforesaid state of facts shown by the record, the stipulation, and facts presumed to exist, jurisdiction was conferred on Frank C. Wilson as justice of the peace aforesaid to proceed in all cases pending before Lawrence G. Fields, resigned, in like manner, as if originally had, or instituted before him.

This being the case, the Common Pleas Court erred in dismissing the appeal upon the ground specified.

However, a judgment may be reversed only when the error complained of is prejudicial to the complainant. We will therefore consider whether the error of the court in this cause was prejudicial to the appellants.

The dismissal of an appeal operates in the same manner as an affirmance of the judgment appealed from, so that if the facts shown by the record, including the bill of exceptions which was properly brought on the record, are such as to require the affirmance of the judgment of the justice court, the appellants have not been prejudiced by the judgment of the Common Pleas Court appealed from.

An examination of the bill of exceptions discloses that the plaintiff, appellant M. V. Noel, and the defendant, appellee John Fetter, prior to March 1, 1941, entered into an agreement in writing, in the words and figures following, to wit:

"Contract
"M. V. Noel——John W. Fetter

"To whom it May Concern:

"This is to certify that M. V. Noel, party of the first part, has rented his farm consisting of 71½ acres, 1½ mile northeast of LaRue, in Marion county, to John W. Fetter, party of the second part, for one year, beginning March 1, 1941, and ending March 1, 1942, with the privilege of renewal of two years. Terms: Cash rent, three hundred and twenty-five dollars ($325), and party of first part is to furnish grass seed.

"M. V. Noel, party of first part.

"J. W. Fetter, party of second part.

"Party of second part is to pay $150 on date of possession and remainder to be paid January 1, 1942."

It further discloses that the defendant took possession of the premises described in the contract, pursuant to the terms thereof, and continued in the possession, use and occupation thereof at the time of this trial in justice court on March 12, 1943. It further discloses that the defendant paid the rent on the farm from March 1, 1941, to March 1, 1942, in conformity with the written contract, and paid the rent on the farm from March 1, 1942, to March 1, 1943, in May 1942, to which the plaintiff M. V. Noel made no objection and which he accepted; and on February 27 or 28, 1943, defendant tendered to the plaintiff M. V. Noel, the rent for the period from March 1, 1943, to March 1, 1944, which plaintiff M. V. Noel refused to accept, claiming that the lease had been renewed for the period of only one year instead of the period of two years prescribed by the written contract.

This claim of plaintiff M. V. Noel is based solely on the fact testified to by him, that on or before March 1, 1942, the defendant asked him if he could stay on the leased premises one more year, which is denied by defendant.

The case was tried by the justice of the peace without the intervention of a jury. At the close of all the evidence the defendant moved 'for judgment in his favor "for the reason that the plaintiff had failed in any manner to establish any case against the defendant." The justice granted this motion and rendered and entered judgment accordingly, which is the judgment from which the appeal to the Common Pleas Court was taken.

As the written contract between the parties unequivocally provided that the defendant, Fetter, had "the privilege of renewal of two years," the action of Fetter subsequent to March 1, 1942, in continuing in the possession of the premises and paying the rent therefor, pursuant to the terms of the written lease, operated as a renewal of such lease for the prescribed period of two years, and his tender of the rent for the second year of such renewal period preserved his rights to the possession of the premises for the second year of such renewal period, unless his asking the plaintiff M. V. Noel, on or before March 1, 1942, if he could stay one more year, in itself constituted a novation of the written contract as a matter of law.

Whether it did, it is unnecessary to decide, as Noel's testimony on this subject is directly contravened by the testimony of Fetter, thus constituting an issue of fact to be determined by the justice.

As the cause was tried to the justice without the intervention of a jury, he was the sole judge of the facts as well as the law, and by his judgment in favor of the defendant, Fetter, is presumed to have resolved all conflicts in the evidence in favor of the defendant.

His finding and judgment are sustained by substantial, credible evidence and are not against the manifest weight of the evidence.

The situation being as it is, all the claims of error of

plaintiffs with reference to the finding and judgment of the justice are without merit, which would have required the affirmance of the judgment of the justice by the Common Pleas Court in case the appeal had not been dismissed.

As the dismissal of the appeal constituted the legal equivalent of affirming such judgment, the error of the Common Pleas Court in dismissing the appeal was not in any way prejudicial to plaintiffs, and the judgment of the Common Pleas Court will for this reason be affirmed at costs of plaintiffs, appellants.

*Judgment affirmed.*

JACKSON and MIDDLETON, JJ., concur.